## In re Lester-Ellwood Building & Loan Association

*Sylvan H. Hirsch*, Deputy Attorney General, for accountant.

*Daniel C. Donoghue*, for exceptant.

LEWIS, J., February 20, 1937.—This first and partial account of the Secretary of Banking as receiver of the Lester-Ellwood Building and Loan Association came before us for audit on June 29, 1936, October 15, 1936, and January 11, 1937. Exceptions were filed to the account on behalf of claimants, whose claims were not admitted in the accounting. These exceptions are here disposed of, and the account in all other respects is confirmed.

The St. Vincent's Hospital for Women and Children presented a claim for $242.38. The following facts upon which the claim was based appear from the evidence and stipulations of counsel:

Premises 66 North Dearborn Street, title thereto being recorded in the name of Henry Kline, was subject to a first mortgage held by claimant. The association during the years 1932, 1933, and 1934, was the real owner of the said premises, Henry Kline holding title as trustee for it. During the years aforesaid taxes in the sum of $242.38 were assessed against this property but were not paid.

On January 31, 1936, claimant presented its petition to this court asking leave to foreclose its mortgage on the premises. The Secretary of Banking answered, averring that the Lester-Ellwood Building and Loan Association was not the real owner of the premises and that Henry Kline was not holding title thereto as trustee for it. On February 25, 1936, this court decreed that petitioner be permitted to foreclose its mortgage and that Luther A. Harr, Secretary of Banking, receiver of the Lester-Ellwood Building and Loan Association, be named as party defendant. Petitioner thereupon foreclosed, and a sheriff's sale of the premises was held on May 4, 1936. Shortly thereafter petitioner learned of the unpaid tax liens and,

on May 19, 1936, paid these back taxes for the purpose of protecting its title.

On June 15, 1936, claimant filed its petition with this court for a rule to show cause why it should not be granted leave to file its claim nunc pro tunc against the assets of the Lester-Ellwood Building and Loan Association for reimbursement. The Secretary of Banking answered this petition, admitting the foregoing facts, but contending that claimant was barred by section 1003 of the Department of Banking Code of May 15, 1933, P. L. 565, 71 PS §733-1003, from filing its claim more than 30 days subsequent to the date of filing of the first account of the receiver, i. e., after March 29, 1936, the first account having been filed on February 28, 1936. We made the rule absolute and decreed that petitioner could file its proof of claim nunc pro tunc. Proof of claim was filed by petitioner on July 15, 1936. The Secretary of Banking took exception to the action of the court in making the rule absolute.

In Harr, Receiver, v. Hirsh-Luria Building & Loan Association of Reading, 26 D. & C. 643, it was held that the statute was mandatory in effect as to claims which had matured at the time of the filing of the account. In that case the right of action had accrued prior to the time the association had passed into the possession of the receiver. This ruling was in accordance with the canon of interpretation of statutes that courts shall seek to carry out the intent of the legislature where possible. The obvious legislative intention in embodying this limitation in the code was to facilitate liquidation and distribution.

In an earlier case in this court, in re Perpetual Building & Loan Assn., 27 D. & C. 643, a similar claim was sought to be filed after the statutory period had elapsed. There was active concealment of the fact that the association was the real owner until the time of filing of the petition for a rule for leave to file the claim nunc pro tunc. Gordon, Jr., P. J., permitted the filing on the principle

that, as in the case of the statute of frauds, the statute may not be used as an instrument of fraud, for otherwise a fraud would be perpetrated. It appears the statute would have operated to bar the claim had there been no concealment.

In the present proceeding there was concealment of the fact of real ownership. This, however, was cured by the decree of this court, filed February 25, 1936, permitting foreclosure and ordering that the Secretary of Banking, as receiver, be joined as a party defendant. We must find, therefore, that claimant was then put on notice of the fact of the real ownership by the association. This was before the filing of the first account by the Secretary of Banking. Had the claimant examined the tax records or obtained a search or certificate, it could have discovered that there were unpaid taxes upon the property it was seeking to foreclose. Hence claimant had ample opportunity to present a claim to the receiver within the period specified by the act. Such a claim, although contingent, could have been filed, and the Secretary of Banking could have set aside sufficient assets to satisfy it if allowed upon audit. We conclude, therefore, that the claim is made too tardily, and it is disallowed. . . .